IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| COY H. SIMS,<br>　　Plaintiff | §<br>§<br>§ | |
| vs. | § | C.A. No. _____ |
| | § | |
| POLARIS INDUSTRIES, INC.,<br>POLARIS INDUSTRIES INC., and<br>POLARIS SALES INC.,<br>　　Defendants. | §<br>§<br>§<br>§ | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff COY H. SIMS, hereby files this Original Complaint against Defendants POLARIS INDUSTRIES, INC. (a Minnesota corporation), POLARIS INDUSTRIES INC. (a Delaware corporation), and POLARIS SALES INC. (collectively, "Polaris").

**I.  JURISDICTION AND VENUE**

1.　　The Court has diversity jurisdiction under 28 U.S.C. § 1332.  The amount in controversy, excluding interest and costs, exceeds $75,000.

2.　　Venue is proper in this District.  28 U.S.C. § 1391.

**II.  PARTIES**

3.　　Plaintiff Coy H. Sims is a natural person who resides in Brazoria County, Texas, and is a citizen of Texas.

4.　　Defendant Polaris Industries, Inc. ("Polaris Industries"), is a Minnesota corporation with its principal place of business in Minnesota.  Polaris Industries does business in Texas and is subject to personal jurisdiction in Texas.  Although it engages in business in this state, it does not maintain a regular place of business in this state or a designated agent for

service of process. This case arises from Polaris Industries's business in Texas. Accordingly, service may be made by duplicate copies of process on the Texas Secretary of State, and the Texas Secretary of State forwarding a copy of the process by registered mail or by certified mail, return receipt requested, to Polaris Industries's home office: <u>Scott W. Wine, Chief Executive Officer, POLARIS INDUSTRIES, INC., 2100 Highway 55, Medina, Minnesota 55340.</u>

5. Defendant Polaris Industries Inc. ("Polaris of Delaware") is a Delaware corporation with its principal place of business in Minnesota. Polaris of Delaware does business in Texas and is subject to personal jurisdiction in Texas. It may be served with process through its registered agent: <u>C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136</u>.

6. Defendant Polaris Sales Inc. ("Polaris Sales") is a Minnesota corporation with its principal place of business in Minnesota. Polaris Sales does business in Texas and is subject to personal jurisdiction in Texas. It may be served with process through its registered agent: <u>C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136</u>.

### III. FACTS

7. The RZR 900 is a type of two-seat, recreational off-highway vehicle ("ROV") manufactured and sold by Polaris throughout the United States, including in Texas. Polaris sells vehicles through a network of authorized dealers.

8. Coy H. Sims ("Sims") was a passenger in a 2014 Polaris RZR 900 driven by his fiancée on May 24, 2015, in Sabine ATV Park near Burkeville, Texas, when the ROV passed over a tree branch and the branch penetrated through a seam in the passenger-side, plastic footwell, impaling Sims. The branch entered Sims in his inner-thigh/groin, cut his scrotum, and

exited his lower back.  Bystanders assisted the fiancée in removing the branch (by reversing the ROV and pulling the branch out of Sims's body), and he was taken by ambulance to a hospital.

9.     Sims suffered significant injuries as a result of the impalement, requiring a series of medical treatments including hospitalizations, back surgeries, injections, and the removal of foreign material from his body as late as December 2016 (more than 18 months after the accident).  He continues to suffer significant pain, mental anguish, and physical impairment.

10.    The 2014 Polaris RZR 900 in which Sims was injured was purchased by its original owner from Brazos Motorsports in Brazoria, Texas.  Sims had repurchased the RZR from the original owner shortly before the accident, although legal title had not yet been assigned from the first owner to Sims at the time.  Brazos Motorsports is a Polaris authorized dealer.

## IV. CAUSES OF ACTION

**Negligent Design**

11.    Polaris was obligated to exercise reasonable care when designing, manufacturing, distributing and selling the 2014 RZR 900.

12.    Polaris negligently designed, manufactured, distributed, sold or otherwise placed in the stream of commerce the 2014 RZR 900 which was dangerous and unsafe when operated in wooded areas where sticks, limbs, branches, and other sharp objects might contact the ROV's footwells or floor.

13.    As a direct and proximate result of Polaris's negligence, Sims sustained damages in an amount to be shown at trial.

**Negligent Marketing**

14.     Polaris was obligated to exercise reasonable care in marketing the 2014 RZR 900 for sale to consumers.

15.     Polaris knew or should have known the 2014 RZR 900 was defectively designed and was unreasonably unsafe when operated in wooded areas where sticks, limbs, branches, and other sharp objects might contact the ROV's footwells or floor.

16.     Notwithstanding Polaris's actual or constructive knowledge, Polaris negligently marketed the 2014 RZR 900 for recreational use in wooded areas.

17.     As a direct and proximate result of Polaris's negligence, Sims sustained damages in an amount to be shown at trial.

**Negligent Failure To Warn**

18.     Polaris was obligated to exercise reasonable care in providing occupants of the 2014 RZR 900 adequate warnings and instructions regarding foreseeable hazards and the safe operation of the ROV.

19.     Polaris knew or should have known the 2014 RZR 900 was defectively designed and was unreasonably unsafe when operated in wooded areas where sticks, limbs, branches, and other sharp objects might contact the ROV's footwells or floor.

20.     Notwithstanding Polaris's actual or constructive knowledge, Polaris negligently failed to warn occupants of the 2014 RZR 900 regarding the hazards of operating the ROV in wooded areas.

21.     As a direct and proximate result of Polaris's negligence, Sims sustained damages in an amount to be shown at trial.

**Strict Products Liability**

22.     Polaris is in the business of designing, manufacturing, marketing, and selling ROVs, including the 2014 RZR 900.

23.     At all material times, the 2014 RZR 900 was in a dangerous and defective condition, as designed, manufactured, marketed, and sold by Polaris, making the ROV unreasonably dangerous for foreseeable use.

24.     The 2014 RZR 900 was defectively designed, taking into consideration the utility of the product and the risk involved in its use.  A safer alternative design or designs were available that would have prevented or significantly reduced the risk of occupant impalement without substantially impairing the product's utility, and such alternative design(s) were economically and technologically feasible at the time the RZR left Polaris's control by the application of then-existing or reasonably achievable scientific and engineering knowledge.  For example:

   a)   the 2014 RZR 900 passenger side footwell is comprised of two pieces of plastic instead of one, creating a seam that permits relatively easy cabin intrusion by sharp objects striking the seam or near to the seam;

   b)   the 2014 RZR 900 passenger side footwell is manufactured from plastic instead of metal;

   c)   the 2014 RZR 900 footwell plastic is not thick enough or strong enough to prevent sticks, limbs, branches, and other sharp objects from penetrating the cabin and impaling occupants; and

d) the area around the in a 2014 RZR 900 front wheels lacks a protective shield that would deflect sharp objects from reaching the footwell or the ROV's occupants.

25. Such defective design was a producing cause of Sims's impalement.

26. Additionally, Polaris failed to provide adequate warnings of the dangers of the 2014 RZR 900 that were known or, by application of reasonably developed human skill and foresight, should have been known, and Polaris failed to give adequate instructions to avoid such dangers, which failures rendered the 2014 RZR 900 unreasonably dangerous.  Polaris failed to warn users and passengers that the ROV's design provided insufficient protection against cabin intrusion by sharp objects the ROV might encounter in wooded areas.  Polaris failed to warn occupants that aftermarket protection was necessary to make the 2014 RZR 900 reasonably safe for use in wooded areas.

27. Additionally, Polaris knew or should have known of the potential risk of harm presented by the 2014 RZR 900 when operated in wooded areas but negligently marketed the ROV for recreational use in wooded areas, without warning consumers the ROV provided insufficient protection against cabin intrusion by sharp objects unless aftermarket protection was purchased and installed.

28. The marketing defects rendered the 2014 RZR 900 unreasonably dangerous to occupants and such defects were a producing cause of Sims's impalement.

**Gross Negligence/Malice**

29. Polaris's acts and omissions, when viewed objectively from Polaris's standpoint at the time of the marketing and sale of the 2014 RZR 900 involved an extreme degree of risk, considering the probability and magnitude of potential harm to RZR occupants and of which

Polaris had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Sims and other RZR occupants. Therefore, Polaris is liable to Sims for exemplary damages.

## V. DAMAGES

30. Polaris's conduct was a proximate and producing cause of Sims's injuries. Sims has suffered, and will continue to suffer in the future, the following injuries and damages: (a) mental anguish; (b) lost earnings; (c) lost earning capacity; (d) disfigurement; (e) physical impairment; (f) medical expenses; (g) physical pain and suffering; (h) loss of enjoyment of life.

## VI. JURY DEMAND

31. Sims respectfully demands a jury trial.

\* \* \* \*

WHEREFORE, PREMISES CONSIDERED, Plaintiff COY H. SIMS respectfully requests that the Defendants be cited to appear and answer and for judgment for all legal and equitable relief to which he may be entitled against Defendants, including:

a) actual damages as set forth above in an amount exceeding $75,000;

b) exemplary damages;

c) pre- and post-judgment interest at the maximum rate allowed by law;

d) all costs of Court; and

e) any other relief to which he may be entitled.

SIGNED this 6th day of April, 2017.

                Respectfully submitted,

            By:  /s/ Lance C. Arney
                  Lance C. Arney
                  Attorney-in-Charge
                  State Bar No. 00796137
                  S.D. Tex. Bar No. 20703
                  800 Taft St.
                  Houston, Texas 77019
                  (713) 353-6699 Telephone
                  (713) 353-6698 Facsimile
                  larney@moultonwilsonarney.com

*Of counsel:*
MOULTON, WILSON & ARNEY, L.L.P.
800 Taft St.
Houston, Texas 77019
(713) 353-6699 Telephone
(713) 353-6698 Facsimile

Larry P. Walton
State Bar No. 20826600
S.D. Tex. Bar No. 18590
4001 North Shepherd Drive, Suite 109
Houston, Texas 77018
(713) 699-0545 Telephone
(713) 699-4732 Facsimile
larrypwalton@larrypwalton.com